UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| JOHN BOWSER, on Behalf of Himself and Others Similarly Situated, <br><br> *Plaintiff*, <br><br> v. <br><br> DUKE ENERGY, THE EMPYREAN GROUP, LLC and GUIDANT GROUP, INC., <br><br> *Defendants*. | CASE NO. _____ <br><br><br><br> COLLECTIVE ACTION |

# COMPLAINT

## SUMMARY

1. Duke Energy ("Duke"), The Empyrean Group, LLC. ("Empyrean"), and Guidant Group, Inc. ("Guidant") (collectively, "Defendants") do not pay overtime to the hourly employees they jointly employ as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA). Instead, Defendants pay these workers the same hourly rate for all hours worked, including those worked in excess of forty in a workweek. Because Defendants' payroll practice violates the overtime provisions of the FLSA, Bowser brings this collective action to recover unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

2. This Court has federal question subject matter jurisdiction. *See* 28 U.S.C. § 1331 & 29 U.S.C. § 216(b).

3. Venue is proper because one or more Defendants reside, and do business, in this District and a substantial part of the events alleged herein occurred in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

**PARTIES**

4. Duke is an electric power company that, along with Guidant and Empyrean, employed and/or jointly employed Bowser and the Class Members.

5. Guidant is a staffing firm that, along with Duke and Empyrean, employed and/or jointly employed Bowser and the Class Members.

6. Empyrean is a human resources consulting and staffing company firm that, along with Duke and Guidant, employed and/or jointly employed Bowser and the Class Members.

7. Bowser was a training specialist employed and/or jointly employed by Defendants within three years of filing this lawsuit. Bowser's written consent to this action is attached.

8. Bowser brings this action on behalf of himself and all other similarly situated training specialists who were paid straight time for overtime by Defendants. These employees are collectively referred to herein as the "Class Members."

**FACTS**

9. Duke employed Guidant and Empyrean to manage its workforce and to outsource the functions traditionally performed by in-house human resource departments.

10. Defendants jointly hired and fired, supervised and controlled, set pay, determined hours, and approved time sheets with respect to Bowser and the Class Members.

11. In each of the past three years, Duke's revenues exceeded $500,000, Guidant's revenues exceeded $500,000, and Empyrean's revenues exceeded $500,000.

12. Over the past three years, Defendants employed hundreds of individuals – including Bowser – that were paid straight time for overtime.

13. Over the past three years, each Defendant employed at least two individuals that routinely handled goods or materials – such as phones, computers, and tools – that moved in, or were produced for, interstate commerce.

14. Each of the Defendants are a covered enterprise under the FLSA and are subject to its requirements.

15. Defendants, at all relevant times, paid Bowser and the Class Members at the same hourly rate for all hours worked, including those worked in excess of forty per week. Defendants did not pay Bowser and the Class Members at one and one-half times their regular hourly rates for hours worked in excess of forty in a workweek.

16. Each of the Defendants maintain employment records on Bowser and the Class Members, and can terminate their employment.

17. Bowser typically worked 50 hours per week at the Catawba nuclear station and a varied amount of overtime at the Robison nuclear station. Defendants paid $75 per hour.

18. Defendants maintained accurate records of the hours Bowser worked.

19. Defendants knew Bowser and the Class Members routinely worked more than 40 hours in a week. Defendants' records, which show hours worked, reflect this fact.

20. It is well established that hourly workers – like Bowser and the Class Members – are not exempt from the overtime provisions of the FLSA. Defendants knew Bowser and the Class Members were not exempt from the FLSA's overtime provisions (or the provisions of any similar state overtime laws).

21. Defendants knew they paid Bowser and the Class Members by the hour and that they paid straight time for overtime hours.

22. Defendants received complaints about their failure to pay overtime, but failed to correct their payroll policy.

**COLLECTIVE ALLEGATIONS**

23. Defendants' policy of paying non-exempt workers by the hour, with no overtime pay, violates the FLSA.

24. Defendants' policy of paying straight time for overtime affects Bowser and the Class Members in a similar manner because, as explained above, hourly workers are non-exempt from overtime. Accordingly, they are each owed overtime pay for the same reason even though their job duties differ. Bowser and the Class Members are similarly situated for the purposes of their overtime claims.

25. The Class Members include:

> All current and former hourly workers employed by Duke, Guidant, and Empyrean who were not paid at least time and one-half for hours worked in excess of forty in a workweek during the last three years.

**CAUSE OF ACTION – VIOLATION OF THE FLSA**

26. By failing to pay Bowser and the Class Members overtime at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions.

27. Defendants owe Bowser and the Class Members the difference between the rate actually paid and the proper overtime rate for all overtime hours worked. Because Defendants knew, or showed reckless disregard for whether, their pay practices violated the FLSA, they owe these wages for at least the past three years.

28. Defendants also owe Bowser and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

29. Bowser and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

**PRAYER**

Wherefore, Bowser prays for relief as follows:

1. An order allowing this action to proceed as a representative collective action under the FLSA;

2. Judgment awarding Bowser and the Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

3. A service award for Bowser as permitted by law;

4. Pre- and post-judgment interest at the highest rate allowable by law; and

5. All such other and further relief to which Bowser and the Class Members may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Joshua P. Geist*
Joshua P. Geist
PA. I.D. No. 85745
Goodrich & Geist, P.C.
3634 California Ave.
Pittsburgh, PA 15212
Tel: 412-766-1455
Fax: 412-766-0300
josh@goodrichandgeist.com

AND

Michael A. Josephson
Pennsylvania Bar No. 308410
Texas Bar No. 24014780
*(pending pro hac vice)*
Andrew Dunlap
Texas Bar No. 24078444
*(pending pro hac vice)*
Lindsay R. Itkin
Texas Bar No. 24068647
*(pending pro hac vice)*
**FIBICH, LEEBRON, COPELAND**

**BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com
AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
*(pending pro hac vice)*
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**